IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02233-BNB

R. C. V. SMITH (a minor), by and through his mother, RAMONA SMITH,

    Plaintiff, named as Petitioner,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT 12, and
THE COLORADO DEPARTMENT OF EDUCATION,

    Defendants, named as Respondents.

---

ORDER OF DISMISSAL

---

    Plaintiff, Ramona Smith (Ms. Smith), acting *pro se*, submitted an unsigned Verified Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 1) and an unsigned Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 3) on behalf of her minor child, R. C. V. Smith.  Ms. Smith appeared to assert jurisdiction pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et. seq.*  The Court reviewed the documents and determined they were deficient.

    Magistrate Judge Boland entered an order on August 12, 2014 (ECF No. 4), directing Plaintiff to cure certain deficiencies.  Magistrate Judge Boland pointed out that Ms. Smith lacked standing to represent her minor child in this action.  *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).  Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child "cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  *Id.*; *accord Osei-Afriyie ex rel.*

*Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Magistrate Judge Boland further pointed out that the general rule prohibiting non-attorney parents from representing their minor child in federal court is designed to protect the interests of the minor party and guard the judiciary's authority to govern those who practice in its courtrooms. *Adams ex re. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011); *cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (holding that parents are entitled to prosecute IDEA claims on their own behalf, but explicitly not reaching issue of whether IDEA "entitles [non-attorney] parents to litigate their child's claims *pro se*."); *Miller ex rel. S.M. v. Board of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1244 (10th Cir. 2009). Ms. Smith is not represented by an attorney. Therefore, Magistrate Judge Boland informed Ms. Smith she may not represent her minor child in this action.

Ms. Smith also was directed to submit on the proper, Court-approved form an Application to Proceed in District Court Without Prepaying Fees or Costs that she signed and that only named herself as Plaintiff. Magistrate Judge Boland informed Ms. Smith that the application only was necessary if the $400.00 filing fee was not paid in advance. In addition, the August 4 order directed Ramona Smith to submit a Complaint that she signed and that only named herself as Plaintiff, if she opted to proceed *pro se*. Ms. Smith has failed to comply with the directives of the August 12 order to cure deficiencies.

Instead on August 13, 2014, she submitted an unsigned *Ex Parte* Verified Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) and a

document titled Information for Temporary Restraining Order (ECF No. 6), to which Cheyenne Mountain School District 12 filed a response (ECF No. 8) on August 15, 2014.  On August 14, 2014, Ms. Smith submitted a Request for Emergency Hearing on Petitioner's Motion for a Temporary Restraining Order (ECF No. 7).  On August 18, 2014, she submitted an unsigned Application to Proceed in District Court Without Prepaying Fees or Costs that named herself as Plaintiff (ECF No. 9).  On August 18, 2014, she submitted another Verified Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 10) and another document titled Information for Temporary Restraining Order (ECF No. 11).

From August 21, 2014, through September 10, 2014, both Ms. Smith and Defendant Cheyenne Mountain School District 12 submitted various documents, including (i) Respondent Cheyenne Mountain School District 12's Motion for Summary Judgment and supporting brief (ECF No. 12); (ii) Petitioner's Verified Opposition to Respondent's Motion for Summary Judgment and in Support of Petitioner's Motion for a Preliminary Injunction (ECF No. 13); (iii) [Ms. Smith's] Motion for Post Haste Evidentiary Hearing (ECF No. 14); (iv) Respondent Cheyenne Mountain School District 12's Reply to Petitioner's Verified Response to Motion for Summary Judgment (ECF No. 15); (v) Respondent Cheyenne Mountain School District 12's Response to Petitioner's Post Haste Evidentiary Hearing (ECF No. 16); (vi) Respondent Cheyenne Mountain School District 12's Citation of Additional Authority With Respect to Its Motion for Summary Judgment (ECF No. 17); (vii) Petitioner's Verified Response to Respondent Cheyenne Mountain School District 12's "Citation of Additional Authority" with Respect to its Motion for Summary Judgment (ECF No. 18); and (viii) Respondent Cheyenne Mountain

School District 12's Reply to Petitioner's Verified Response to Citation of Additional Authority With Respect to Its Motion for Summary Judgment (ECF No. 19).

Ms. Smith has failed within the time allowed to cure all the deficiencies designated in the August 12 order.  Therefore, the action will be dismissed without prejudice for Ms. Smith's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Smith files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ramona Smith, to cure the deficiencies designated in the order to cure of August 12, 2014, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions and requests are denied as moot.

DATED at Denver, Colorado, this 18th day of September, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court